**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BENITA FRIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:26-cv-992 |
| v. | : | |
| | : | Judge Dan Aaron Polster |
| UNIVERSITY HOSPITALS CLEVELAND | : | |
| MEDICAL CENTER, et al. | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF UNIVERSITY HOSPITAL CLEVELAND
MEDICAL CENTER TO THE COMPLAINT WITH JURY
DEMAND FILED BY BENITA FRIER**

Now come Defendant University Hospital Cleveland Medical Center ("UH" or "Defendant"), by and through its undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff Benita Frier's ("Plaintiff") Complaint With Jury Trial Demanded (the "Complaint"), making the following admissions, denials, statements, and defenses:

**INTRODUCTION**

1.      Defendant admits that Plaintiff asserts claims under state and federal law in the Complaint, but it denies the remaining allegations contained in Paragraph 1 of the Complaint.

**PARTIES**

2.      Defendant admits that Plaintiff is a former employee, but denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant lacks knowledge of this allegation and, therefore, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

1

6. Defendant admits that Plaintiff is a female, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 contains a legal conclusion to which no response is required and, therefore, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

## FACTUAL BACKGROUND

13. Defendant admits that Plaintiff is a former employee and that her employment was terminated for cause, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff is a former employee and that her employment was terminated for cause, but denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     The text message referenced in Paragraph 22 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     The text message referenced in Paragraph 28 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     The text message referenced in Paragraph 29 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     The text message referenced in Paragraph 30 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     The text message referenced in Paragraph 31 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     The text message referenced in Paragraph 32 of the Complaint speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant admits the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

## COUNT I: SEX DISCRIMINATION AGAINST UNIVERSITY HOSPITALS

70. Defendant incorporates its responses to Paragraphs 1 through 69 of the Complaint as if fully written herein.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

## COUNT II: HOSTILE WORK ENVIRONMENT/HARASSMENT AGAINST UNIVERSITY HOSPITALS

78. Defendant incorporates its responses to Paragraphs 1 through 77 of the Complaint as if fully written herein.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

## COUNT III: RETALIATION AGAINST UNIVERSITY HOSPITALS AND JOSH BEERS

89. Defendant incorporates its responses to Paragraphs 1 through 88 of the Complaint as if fully written herein.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

### COUNT IV: AIDING AND ABETTING AGAINST JOSH BEERS

99.     Defendant incorporates its responses to Paragraphs 1 through 98 of the Complaint as if fully written herein.

100.     Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.     Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.     Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.     Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.     Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.     Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.     Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.     Defendant denies the allegations contained in its prayer for relief section immediately following paragraph 106 of the Complaint, including subparts (a) through (e).

108.     Defendant denies each and every allegation not specifically admitted herein and further deny that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1.     The Complaint fails to state a cause of action upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, by failure to exhaust administrative remedies and by the applicable statutes of limitation.

7

3. The allegations of the Plaintiff's Complaint are barred, in whole or in part, by the doctrines of waiver and/or estoppel, unclean hands, and laches.

4. The after-acquired evidence doctrine applies to Plaintiff's claim for lost wages.

5. Plaintiff's claims are time-barred.

6. Plaintiff failed to timely file a charge of discrimination.

7. Plaintiff failed to exhaust her administrative remedies.

8. At all times relevant, Defendants made a good faith effort to comply with all federal, state and local laws.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff's employment was terminable at will.

10. Plaintiff fails to offer proper comparators to substantiate her allegations.

11. Plaintiff's claims fail because she was not treated less favorably than any similarly situated comparator(s).

12. Plaintiff's claims are barred, in whole or in part, because any adverse decision by Defendant toward Plaintiff was not motivated by Plaintiff's alleged protected activity, or for any other allegedly discriminatory reason, and because Defendant would have made the same decision with respect to Plaintiff regardless of her gender and/or any alleged protected classification.

13. Plaintiff's claims are barred, in whole or in part, because Defendant did not violate her rights pursuant to O.R.C. § 4112, et seq.

14. Any action taken by Defendant with respect to Plaintiff was for legitimate non-discriminatory reasons.

15. Plaintiff cannot prove that her sex or alleged protected activity were the "but for" cause of any adverse action.

8

16.     Plaintiff's claims are barred, in whole or in part, because Defendants applied their business judgement, acted at all times in good faith, and had legitimate, non-discriminatory reasons for all actions towards Plaintiff.

17.     Plaintiff cannot prove that Defendants' legitimate, non-discriminatory reason for their actions is a pretext for unlawful discipline or retaliation.

18.     Defendant maintained a sexual harassment policy.

19.     Plaintiff was aware of Defendant's harassment policy and complaint procedure.

20.     Plaintiff failed to follow Defendant's complaint procedures.

21.     Plaintiff did not provide implied notice to Defendant of the alleged harassment.

22.     Defendant took prompt and effective action when notified of the alleged harassment.

23.     The alleged harassment was welcomed.

24.     The alleged harassment did not impact Plaintiff's working conditions.

25.     Plaintiff was a willing participant in the consensual conduct.

26.     Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendants of any discrimination or retaliation, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

27.     To the extent that Plaintiff complained about any alleged unlawful discriminatory conduct, Defendants took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

28.     Beers is not an appropriate defendant.

29.     Plaintiff did not partake in a protected activity.

9

30. Plaintiff was discharged for cause.

31. Plaintiff mistreated her coworkers.

32. Some or all of the damages Plaintiff seeks are not recoverable by law.

33. Plaintiff's claims fail because any harm alleged to have been suffered by Plaintiff was the result of her own conduct or misconduct.

34. Plaintiff cannot prove any emotional harm.

35. Plaintiff cannot prove that any emotional harm suffered was due to Defendant's conduct.

36. Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, by Plaintiff's failure to mitigate any alleged damages.

37. Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendant (1) are not characterized by hatred, ill will, or a spirit of revenge; (2) do not evidence malicious intent reckless or conscious disregard for the Plaintiff's protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

38. Any claim for punitive damages or liquidated damages is barred because any allegedly discriminatory behavior is contrary to Defendant's good faith efforts to comply with all applicable state and federal laws.

39. Should Plaintiff prevail, she is not entitled to punitive damages because Defendants made good faith efforts to comply with applicable law, and did not act with malice or reckless indifference to Plaintiff's protected rights.

40.     Defendant denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, her claimed entitlement to relief, such as reinstatement, compensatory damages and/or punitive damages, costs and attorneys' fees.

41.     Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed, with prejudice, for the costs expended herein, including reasonable attorney's fees, for trial by jury, and for all other relief to which Defendant may be entitled.

Respectfully submitted,

/s/ David A. Campbell_____
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
127 Public Square, Suite 5130
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
dcampbell@grsm.com
dslezak@grsm.com

*Attorneys for University Hospital Cleveland Medical Center*

11

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via the Clerk of Court and was serviced on the below via electronic mail and/or regular U.S. mail to the below, pursuant to Civ.R. 5(B)(2), this 20th day of May 2026 upon:

J. Corey Asay
HKM EMPLOYMENT ATTORNEYS LLP
312 Walnut Street, Suite 1600
Cincinnati, Ohio 45202
T: (513) 318-4496
F: (513) 318-4496
E: casay@hkm.com
*Counsel for Plaintiff*

/s/  David  A.  Campbell
David A. Campbell (0066494)

*One of the attorneys for Defendants*