**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRCT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BENITA FRIER, | : | |
| | : | |
|      Plaintiff, | : | |
| | : | Case No. 1:26-cv-992 |
| v. | : | |
| | : | Judge Dan Aaron Polster |
| UNIVERSITY HOSPITALS CLEVELAND | : | |
| MEDICAL CENTER, et al. | : | |
| | : | |
|      Defendants. | : | |

**<u>MOTION OF JOSH BEERS FOR LEAVE TO FILE AN</u>**
**<u>ANSWER AND RELIEF FROM CLERK'S DEFAULT NOTICE</u>**

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, Defendant Josh Beers ("Beers"), by and through counsel, respectfully moves for relief from the entry of default [Doc. #8] and for leave to file an answer to the Complaint With Jury Trial Demanded (the "Complaint") filed by Plaintiff Benita Frier ("Plaintiff").  As set forth in the attached Memorandum in Support, good cause exists for this Court to set aside the entry of default.  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192 (6th Cir. 1986); *Imperial v. Swift Moving Services, LLC*, Case No. 4:24-CV-01871, 2025 WL 2661809 *2 (N.D. Ohio Sept. 17, 2025).  All three factors support the setting aside of the entry of default:  (1) Plaintiff will not be prejudiced if the default is set aside because the case is in the early stages; (2) Defendant has meritorious defenses to the Complaint; and (3) Defendant has acted in good faith in this matter.  *Imperial*, 2025 WL 2661809 *3-4.  Accordingly, the entry of default should be set aside and Defendant should be granted leave to file an answer to the Complaint.

This Motion is supported by the attached Memorandum in Support and the Declaration of Josh Beers.  Defendant's counsel reached out to Plaintiff's counsel in advance of this Motion and Plaintiff's counsel informed Defendant that Plaintiff does not object to this Motion.

Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
127 Public Square, Suite 5130
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
dcampbell@grsm.com
dslezak@grsm.com

Attorneys for Defendants

<u>**MEMORANDUM IN SUPPORT**</u>

**I.    <u>INTRODUCTION</u>**

Plaintiff Benita Frier ("Plaintiff") filed the Complaint With Jury Trial Demanded (the "Complaint") against her former employer and manager, Defendants University Hospitals Cleveland Medical Center ("UH") and Josh Beers ("Beers") (UH and Beers are collectively, "Defendants"), on April 27, 2026. (Doc. #1). Plaintiff alleges four claims against Defendants. (Doc. #1). As to Beers, the Complaint alleges retaliation (Count III) and aiding and abetting (Count IV). (Doc. #1).

This Court should grant Beers relief from the clerk's default entry. The Court may "set aside the entry of default for 'good cause' shown." *Imperial v. Swift Moving Services, LLC*, Case No. 4:24-CV-01871, 2025 WL 2661809 *1 (N.D. Ohio Sept. 17, 2025). A good cause determination under Rule 55(c) reviews three factors: "(1) Whether the plaintiff will be prejudiced; (2) Whether the defendant has a meritorious defense; and (3) Whether culpable conduct of the defendant led to the default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192 (6th Cir. 1986).

As set forth below, all three factors firmly support Beers in this matter. Accordingly, the entry of default [Doc. #8] against Beers should be set aside and Beers should be granted leave to file an answer to the Complaint.

**II.    <u>RELEVANT PLEADINGS</u>**

The following facts and allegations are based on the docket, the allegations in the Complaint, and the Declaration of Josh Beers. Beers' Declaration is attached to this Motion as Exhibit A.

A.    **This Matter Is In The Early Stages.**

This matter was initiated by Plaintiff on April 27, 2026.  (Doc. #1).  The Case Management Conference is scheduled for July 15, 2026.  (Doc. #9).  The Report of Parties' Planning Meeting is due July 13, 2026.  (Doc. #9).

B.    **Plaintiff Alleges Retaliation And Aiding And Abetting Against Beers.**

Plaintiff's Complaint is filed against Plaintiff's former employer, UH, and Plaintiff's former manager, Beers.  (Doc. #1 at ¶1).  As to Beers, Plaintiff asserts retaliation and aiding and abetting.  (Doc. #1 at Count III and Count IV).

Plaintiff alleges that she was employed by UH from 2014 through 2024.  (Doc. #1 at ¶13). Although the Complaint was not filed until 2026, Plaintiff alleges that she "began experiencing workplace harassment from co-workers and Mr. Beers."  (Doc. #1 at ¶18).  Plaintiff alleges that she complained to Beers of co-worker harassment in 2022.  (Doc. #1 at ¶25).  Plaintiff next alleges that she complained of the alleged harassment on December 7, 2023.  (Doc. #1 at ¶37).  Plaintiff finally alleges that she complained to UH's Human Resources Department.  (Doc. #1 at ¶40).

Plaintiff was discharged on September 12, 2024.  (Doc. #1 at ¶53).  The discharge was based on UH's belief that Plaintiff left a patient unauthorized.  (Doc. #1 at ¶52).  Prior to her discharge, Plaintiff was placed on a final warning.  (Doc. #1 at ¶46).

The retaliation claim is based on Plaintiff's alleged 2023 complaint to human resources. (Doc. #1 at ¶90).  The Complaint alleges that Beers was aware of the 2023 complaint.  (Doc. #1 at ¶91).  As to aiding and abetting, the Complaint alleges that Beers failed to address harassment against Plaintiff and disciplined Plaintiff.  (Doc. #1 at ¶¶103-105).

4

**C.**     **Beers Has Acted In Good Faith And He Has Meritorious Defenses To The Complaint.**

Beers is a former UH employee.  (Declaration of Josh Beers at ¶2 (hereinafter "Dec. Beers at ___")).  Beers employment with UH ended prior to the date that Plaintiff filed her Complaint. (Dec. Beers at 4).

When Beers got notice of the Complaint, he reached out to UH's Legal Department to address Beers' insurance coverage as a former UH employee.  (Dec. Beers at 5).  The insurance decision was not communicated to Beers until after the entry of default was filed in this Court. (Dec. Beers at 5-7).  Once the insurance decision was made, Beers has worked with UH and counsel to notify Plaintiff's counsel and to file this Motion.  (Dec. Beers at 5-7).  Beers is not an attorney and he has acted in good faith once the Complaint was filed.  (Dec. Beers at 5-7).

As to Plaintiff's allegations, Plaintiff was discharged for serious misconduct.  (Dec. Beers at 8).  Plaintiff was given progressive discipline that ultimately resulted in a final written warning. (Dec. Beers at 9).  Prior to her discharge, Plaintiff was moved to an alternative position, Patient Observer, because a coworker obtained a restraining order against Plaintiff for an alleged assault. (Dec. Beers at 10).[1]  One of Plaintiff's job duties as a Patient Observer was to stay with patients when directed by medical professionals.  (Dec. Beers at 12).  Plaintiff was discharged based on Plaintiff intentionally leaving a patient that she was directed to monitor.  (Dec. Beers at 12).  The patient abandonment was verified through a video.  (Dec. Beers at 12).  Any UH employee on a final written warning would have been discharged for such conduct.  (Dec. Beers at 13).

As to alleged harassment, Beers and Plaintiff were friends who communicated inside and outside of work.  (Dec. Beers at 14).  Beers denies that Plaintiff ever raised any objections to him

---

[1] The Complaint fails to advise this Court of Plaintiff's criminal issues or the new position caused by the criminal issues.

regarding his conduct and statements directed toward Plaintiff.  (Dec. Beers at 14-15).  Finally, Beers denies that he was aware of any workplace complaints submitted by Plaintiff or that Plaintiff's discharge was based on anything other than a violation of policies that placed a patient's safety at risk.  (Dec. Beers at 14-15).

## III.    **ARGUMENT**

Based on uniform Sixth Circuit law, Beers should be granted relief from the entry of default [Doc. #8] and leave to file an answer to the Complaint With Jury Trial Demanded.  (Doc. #1).

### A.    **Beers Must Prove Good Cause Exists.**

Rule 55(c) of the Federal Rules of Civil Procedure permits a party to move to set aside an entry of default.  Fed. R. Civ. P. 55(c); *United Coin Meter Co. v. Seaboard Coastline RR*, 705 F.2d 839 (6th Cir. 1983).  The Court may "set aside the entry of default for 'good cause' shown." *Imperial v. Swift Moving Services, LLC*, Case No. 4:24-CV-01871, 2025 WL 2661809 *1 (N.D. Ohio Sept. 17, 2025).  A good cause determination is "committed to the 'sound discretion' of the district courts."  *Id.* at *2 (*citing Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011)).  "In exercising this discretion, 'any doubt[s] should be resolved in favor of the petition to set aside.'"  *Id.* at *2 (*citing Huntington Cab Co. v. Am. Fid & Cas. Co.*, 4 F.R.D. 496, 498 (S.D.W. Va. 1945)).

### B.    **Beers Can Prove All Three Good Cause Factors.**

A good cause determination under Rule 55(c) reviews three factors: "(1) Whether the plaintiff will be prejudiced; (2) Whether the defendant has a meritorious defense; and (3) Whether culpable conduct of the defendant led to the default."  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192 (6th Cir. 1986).  The factors are analyzed "holistically," but

"greater weight is accorded to the first two" factors.  *Imperial*, 2025 WL 2661809 *2.  All three factors support Beers in this matter.

### 1.      Plaintiff will not be prejudiced.

To establish the prejudice factor, Plaintiff must "firmly allege facts showing 'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'"  *Imperial*, 2025 WL 2661809 *4 (*citing INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).

In this matter, Plaintiff does not object to this Motion.  In addition, this lawsuit is in its early stages and none of the prejudice factors are present.  Accordingly, the first factor supports setting aside the default entry.

### 2.      Beers has a meritorious defense.

Beers can also prove a meritorious defense under Rule 55(c).  *Imperial*, 2025 WL 2661809 *4.  A defense is considered meritorious "'if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'"  *Id.* (*citing United States v. $22,050 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010)).  A legal assertion is meritorious if it is "good at law," irrespective of its eventual viability.  *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 843 (6th Cir. 2011).

In *Johnson-Newberry v. Cuyahoga County Child and Family Services*, 144 N.E.3d 1058 (8th Dist. 2019), the Ohio court addressed the standard to prove aiding and abetting.  *Id.* at 1063-1064.  Specifically, "[t]o 'aid and abet,' an individual must actively participate in, or otherwise facilitate, another's discriminatory act in violation of R.C. 4112.02."  *Id.* at 1064 (*citing Pittman v. Parillo*, 6th Dist. Lucas No. L-16-1140, 2017-Ohio-1477, ¶ 25).  Beers was not aware of the alleged 2023 human resources complaint and the discipline issued to Plaintiff was pursuant to UH policies. (Dec. Beers at 14-15).  In fact, Plaintiff was discharged following progressive discipline

and a final written warning. (Dec. Beers at 9). Accordingly, once discovery is completed, Beers will move for summary judgment on Count IV.

As to Count III, retaliation under R.C. 4112, Plaintiff does not have any direct evidence of retaliation and, therefore, Plaintiff's retaliation claim is under the *McDonnell Douglas* burden-shifting framework. *Blagg v. S.T.O.F.F.E. Federal Credit Union*, 248 N.E.3d 313, ¶72 (8th Dist. 2024). To establish a prima facie case of retaliation, Plaintiff must establish that (1) he engaged in a protected activity, (2) the defendant knew the plaintiff engaged in protected activity, (3) the defendant took an adverse employment action against the plaintiff and (4) a causal connection between the protected activity and the adverse action. *Id.* at ¶73. As to the causal connection, Ohio courts apply Title VII's "but for" standard. *Wholf v. Tremco Inc.*, 26 N.E.3d 902, ¶44 (8th Dist. 2015) ("Therefore, federal case law interpreting that section, including the 'but-for' causation standard defined in *Nassar,* is applicable to Wholf's retaliation claim").

Plaintiff alleges that she complained to Beers of co-worker harassment in 2022. (Doc. #1 at ¶25). Plaintiff was not discharged until September 12, 2024 – nearly two years later. (Doc. #1 at ¶53). Moreover, the 2022 complaint was most certainly very different than the alleged complaint to human resources in 2023. Accordingly, Beers intends to move for summary judgment on causation and the but for standard.

Finally, if, *arguendo*, Plaintiff can prove a prima facie case of retaliation, the burden then shifts to Beers to articulate a legitimate, nonretaliatory reason for his action. *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 327 (2007). In this matter, Plaintiff was discharged following progressive discipline, a final written warning and an event that placed a patient's safety at risk. Plaintiff was assigned to stay with a patient in need, but she left the patient without authority or justification. In order to prove pretext, Plaintiff has the burden to show pretext: "by demonstrating

8

that the proffered reasons (1) had no basis in fact, (2) did not motivate the employer's action, or (3) were insufficient to motivate the employer's action." *Goodwin v. Newcomb Oil Co., LLC*, No. 23-5594, 2024 WL 1828304, *6 (6th Cir. 2024). At summary judgment, Beers intends to prove that any employee would have been discharged for Plaintiff's misconduct and that Plaintiff's alleged 2022 complaint played no role in the discharge decision.

The second Rule 55(c) factor has been proven by Beers. If discovery is permitted, Beers has a good faith basis to move for summary judgment on both claims asserted by Plaintiff against Beers in the Complaint.

### 3. Beers has acted in good faith.

Finally, Beers can prove that he has acted in good faith under Rule 55(c). *Imperial*, 2025 WL 2661809 *5. For his conduct to be culpable under the third Rule 55(c) factor, Beers must have demonstrated "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [its] conduct on those proceedings." *Dassault Systemes*, 663 F.3d at 841 (*citing Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986)). Plaintiff does not allege such facts in this matter.

Upon notice of the filing of the Complaint, Beers was working with UH to verify insurance coverage and whether UH would provide counsel to defend Beers in this lawsuit. (Dec. Beers at 5-7). Upon learning that UH would provide counsel, Beers contacted his attorney, Plaintiff's attorney was contacted, and this Motion was promptly filed. Beers' actions took place before the Case Management Conference and none of the culpable conduct factors are present. (Dec. Beers at 5-7). Most importantly, Beers' answer will not delay this action, but rather permit complete discovery to be conducted prior to summary judgment. Accordingly, Beers can prove all three Rule 55(c) good cause factors.

9

## IV.    <u>CONCLUSION</u>

Based on the above-cited arguments and authorities, all three Rule 55(c) factors have been met and the entry of default [Doc. #8] against Defendant Josh Beers should be set aside and Defendant Josh Beers should be granted leave to file an answer to the Complaint With Jury Trial Demanded filed by Plaintiff Benita Frier.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
127 Public Square, Suite 5130
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
dcampbell@grsm.com
dslezak@grsm.com

*Attorneys for University Hospital Cleveland Medical Center*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served via the Clerk of Court and was serviced on

the below via electronic mail and/or regular U.S. mail to the below, pursuant to Civ.R. 5(B)(2),

this 29th day of June 2026 upon:

J. Corey Asay
HKM EMPLOYMENT ATTORNEYS LLP
312 Walnut Street, Suite 1600
Cincinnati, Ohio 45202
T: (513) 318-4496
F: (513) 318-4496
E: casay@hkm.com
*Counsel for Plaintiff*


/s/  David  A.  Campbell_____
David A. Campbell (0066494)

*One of the attorneys for Defendants*

11