**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRCT OF OHIO**
**EASTERN DIVISION**

BENITA FRIER,

        Plaintiff,

v.

UNIVERSITY HOSPITALS CLEVELAND
MEDICAL CENTER, et al.

        Defendants.

:
:
:
:
:
:
:
:
:
:
:

Case No. 1:26-cv-992

Judge Dan Aaron Polster

**DECLARATION OF JOSH BEERS**

I, Josh Beers, being duly cautioned and sworn, hereby declare as follows:

1. I am an adult who is of sound mind and able to testify regarding the following facts, of which I have personal knowledge.

2. I am a former employee of Defendant University Hospitals Cleveland Medical Center ("UH").

3. I worked with and supervised Plaintiff Benita Frier ("Plaintiff") when Plaintiff was employed by UH.

4. My employment with UH ended prior to the date that Plaintiff filed her Complaint With Jury Trial Demanded (the "Complaint") in the captioned-lawsuit.

5. When I got notice of the filing of the Complaint, I reached out to UH's Legal Department to address my insurance coverage for such a lawsuit as a former UH employee. The insurance decision was not communicated to me until after the entry of default was filed in this Court. I was working diligently with UH from my notice of the Complaint through the date UH verified that I had insurance coverage for the Complaint as a former UH employee.

1

6.     Once the insurance decision was made, I worked with UH and UH's counsel to notify Plaintiff's counsel and to file this Motion.

7.     I am not an attorney. I have acted in good faith once the Complaint was filed. My delay in filing the answer was only due to the insurance coverage decision.

8.     As to Plaintiff's allegations, Plaintiff was discharged for serious misconduct. Any UH employee would have been discharged for Plaintiff's misconduct.

9.     Plaintiff was given progressive discipline that ultimately resulted in a final written warning prior to the event that led to her discharge.

10.     Relevant to the Motion, prior to her discharge, Plaintiff was moved to an alternative position, Patient Observer. The Complaint alleges that Plaintiff's position was Operations Support Ambassador Coordinator at the time of the discharge. This is not accurate.

11.     The change in position was because a coworker obtained a restraining order against Plaintiff for an alleged assault. I could have placed Plaintiff on a leave of absence due to the restraining order, but I moved her to the Patient Observer position so she could continue earning income with UH without having contact with the coworker.

12.     As a patient observer, Plaintiff was required to stay with patients when directed by medical professionals. Plaintiff was discharged based on Plaintiff intentionally leaving a patient that she was directed to monitor. The patient abandonment was captured on video review, confirming she intentionally left a patient she was directed to monitor.

13.     Any UH employee on a final written warning would have been discharged for such conduct.

14.   As to alleged harassment, I was friends with Plaintiff prior to her discharge.  We communicated regularly and outside of work.  I deny that Plaintiff ever raised any objections to me regarding my conduct and statements directed toward Plaintiff during our UH employment.

15.   Finally, I deny that I had knowledge of any workplace complaints submitted by Plaintiff or that Plaintiff's discharge was based on anything other than a violation of policies that placed a patient's safety at risk.

16.   The above is true and correct.

I have read the foregoing declaration and I affirm under penalty of perjury under the laws of the State of Ohio and the United States of America that the foregoing is true and accurate to the best of my knowledge, information, and belief.

_Joshua A. Beck_____
Printed Name

_____
Signature

_____6-28-26_____
Date

β